No. 34,382

THE FIRST NATIONAL BANK OF HUGOTON, *Appellant,*
v. HARRY A. WILSON, *Appellee.*

(94 P. 2d 315)

Opinion filed
October 7, 1939.

*J. S. Brollier,* of Hugoton, for the appellant; *Carl V. Rice,* of Kansas City, of counsel.

*A. E. Kramer,* of Hugoton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a promissory note by the payee against the maker. The defense was a total failure of consideration. A trial by jury was waived. The trial court heard the evidence and specifically found there was no consideration for the note, and rendered judgment for the defendant. Plaintiff has appealed.

Appellant first argues that the evidence is insufficient to support the finding and judgment of the court. The note was given directly to the bank in payment of shares of the bank's stock. It was conceded the shares of stock never were delivered. The controversy in the testimony was whether defendant dealt with the bank or whether he dealt with U. G. Charles, its vice-president and active managing officer, in his individual capacity. On this point the evidence on defendant's behalf was to the effect that he dealt directly with the bank; that Charles informed him that the stock being sold to him was "stock which the bank held," and that he gave the note in suit directly to the bank in payment of the stock; that Charles explained to defendant that the stock could not be issued at once, owing to the illness and absence of the president of the bank, whose signature on the certificates of stock was necessary. On behalf of plaintiff Charles testified that in fact he owned the stock which was being sold to defendant; that while the note was made to the bank, he took credit for it in his personal account, and that he endorsed on

the note a guarantee of its final payment. Defendant knew nothing of the way that transaction was handled, or of the endorsement made on the note by Charles. We think the evidence on behalf of defendant was ample to sustain the findings of the court that defendant's transaction was with the bank rather than with Charles personally.

Appellant argues that since Charles held the stock and took credit for the note, and guaranteed its payment, the note really was given for the accommodation of Charles, and argues that when a note is given for the accommodation of one person the makers are liable to the holder of the note, citing G. S. 1935, 52-306, and cases construing this section. This appears to be an afterthought. The issue was not raised by the pleadings, and there is nothing in the record to indicate that the point was urged to or passed upon by the trial court. The most there is in the record is a little of the testimony of Charles which would indicate that he so regarded the transaction. But even his testimony does not disclose that this theory was stated or explained to the defendant. The defendant knew nothing of Charles' secret notion about the matter. It is clear from testimony on his behalf that he was dealing with the bank, purchasing its stock from the bank. More than that, the court was not required to give credence to the self-serving testimony of Charles to the contrary.

We find no error in the record. The judgment of the court below is affirmed.